<u>NOT FOR PUBLICATION</u>

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE

DANNY BLACKMON,              :     CIV. NO. 20-7501 (RMB)
                             :
          Petitioner         :
                             :
     v.                      :     OPINION
                             :
DAVID E. ORTIZ,              :
                             :
          Respondent         :
```

BUMB, District Judge

On June 19, 2020, Petitioner Danny Blackmon, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …." Rule 4 is applicable to petitions brought under 28 U.S.C. § 2241, pursuant to Rule 1, scope of the rules.

Petitioner alleges that he is a citizen of the State of North Carolina who is unlawfully imprisoned in New Jersey. (Pet., Dkt. No. 1.) Petitioner claims not to have been given notice of his crime of conviction. (<u>Id.</u>) He further alleges that he is subject to "COVID-19 overrun Lock-down conditions of confinement." (<u>Id.</u>) Petitioner seeks release from prison because he is 65-years-old

and has medical conditions that make him particularly vulnerable to COVID-19. (Pet., ¶13, Dkt. No. 1.)

First, Petitioner is not wrongfully imprisoned in a federal prison; he was convicted of a federal crime in the Eastern District of North Carolina in December 2004, as Petitioner alleges in the petition. (Id., ¶3); see also Unites States v. Blackmon, 03cr77-BO-1 (E.D.N.C.) (available at www.pacer.gov). This Court lacks jurisdiction to grant Petitioner compassionate release, which he may seek from his sentencing court under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). If Petitioner wishes to bring a suit about conditions of confinement, rather than a petition for writ of habeas corpus seeking release from prison, he may do so in a civil rights action, after exhausting his administrative remedies. See 42 U.S.C. § 1997e(c)(1).

For these reasons, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction. An appropriate Order follows.

Date: June 22, 2020                    s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge

3